THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee, *v.* MORAL & Co., *S. en C.*, ET AL., Defendants and Appellants.

No. 6563.    Argued March 12, 1934.—Decided June 30, 1934.

*J. Sabater* for appellants.    *O. Souffront* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The National City Bank of New York moves to dismiss this appeal as frivolous. From the record in this case it appears that Moral & Co. owed several promissory notes to the National City Bank, amounting to $12,000 or $13,000. To secure the same the debtor delivered to the bank in pledge certain securities which were the property of Carmen Nadal widow of Del Moral, subsequently declared to be incapacitated. The notes were not paid at maturity and the bank

sold the securities to pay the debt. One of the notes was for $5,000 and the result of the sale was that two of the notes were canceled and $325.64 applied to the note of $5,000 on which suit was brought in the present case. In other words, the plaintiff sued Moral & Co. for $5,000, less the application of the surplus after canceling the other two notes. The promissory note in this case contains various stipulations to the effect that at maturity the bank might sell the securities without notice. Judgment was rendered against the defendants. This is the appeal from that judgment.

■ There is no attack on the fact that the $5,000 was due. What the appellants allege is that the securities were sold without any notice to the tutrix of Carmen Nadal of the sale of the securities; that the said tutrix ought to have been notified of such sale.

Examining the record, we find that on the 26th of August, 1931, the National City Bank notified Carmen del Moral, tutrix of Carmen Nadal, that the bank was considering selling the collateral securities securing loans of $12,000, that the bank was desirous of giving the tutrix another opportunity of paying the said note, and that if the note was not paid within fifteen days the bank would proceed to sell the securities. The promissory note in this case gave the bank the right to sell without notice, but in any event notice was given.

■ Furthermore, this is an action against Moral & Co. The bank had a personal action against that firm for the payment of the debt. The fact that the securities were sold with or without notice constituted no defense and no counterclaim was presented, even supposing that Moral & Co., as distinguished from Carmen Nadal, had such a counterclaim.

The appeal should be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.